THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CELSO VELEZ, Appellant.— On this appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 11, 1971, convicting him of manslaughter in the first degree, upon a guilty plea, and imposing sentence (the appeal brought up for review a denial of pretrial motions to suppress certain physical evidence, namely, a cufflink, and identification evidence), this court, on December 31, 1973, remanded the case to Criminal Term for a determination " as to whether the improper showup identification tainted the identification or whether the identification was based solely upon the on-the-scene observations " and ordered the appeal held in abeyance in the interim, except that it was also held that the motion to suppress the cufflink should have been granted (*People* v. *Velez*, 43 A D 2d 745). Since then Criminal Term has made a determination that the in-court identification was untainted and based upon an independent source — the victim's observations of defendant at the time of the crime. Judgment affirmed. There is a rational basis for Criminal Term's determination on the remand. Gulotta, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

BARBARA SACKS, Respondent, v. GERALD SACKS, Appellant. (And Two Other Titles.) — Appeal by Gerald Sacks, as limited by his brief, from so much of an order of the Family Court, Westchester County, dated July 2, 1973, as, after a hearing, (1) increased a prior order for child support from $35 per week for each of three of the parties' children to $62.50 per week for each child, (2) dismissed his petition to reduce alimony and child support and (3) awarded Barbara Sacks a counsel fee of $2,250. Order modified, on the facts and in the interests of justice, by changing the child support award to $50 per week for each child (as is provided in the order made by this court on the motion for a stay pending appeal). As so modified, order affirmed insofar as appealed from, without costs. In our opinion the increase in the child support award was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.

AGNES STANDLEY, Respondent, v. LEON H. STANDLEY, Appellant.— In an action for divorce, defendant appeals from an order of the Supreme Court, Nassau County, dated December 6, 1973, which awarded plaintiff temporary alimony and struck the affirmative defense contained in his answer. Order affirmed, without costs. We have been informed that on June 4, 1974 a judgment of divorce was granted at Special Term and that permanent alimony at the rate of $135 per week was allowed to plaintiff. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.